UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW ACHEY and BETTY ACHEY, | ) |
| | ) |
|     Plaintiffs | ) |
| | ) |
|     v. | ) CAUSE NO. 3:02-CV-446 RM |
| | ) |
| STATE FARM FIRE & CASUALTY COMPANY, | ) |
| | ) |
|     Defendant | ) |

OPINION AND ORDER

A jury returned a general against Andrew and Betty Achey on their claim against State Farm for breach of contract. The Acheys move for new trial on the grounds that the verdict was against the clear weight of the evidence and that Andrew Achey is entitled to recover under the insurance contract as an innocent spouse. For the reasons that follow, the court denies the motion for new trial.

The Acheys move for new trial pursuant to both Rule 50 and Rule 59. Rule 50 states that a movant may renew a request for judgement as a matter of law and may alternatively request a new trial under Rule 59. FED. R. CIV. P. 50(b); see Umpleby v. Potter & Brumfield, Inc., 69 F.3d 209, 212-213 (7th Cir. 1995). The Acheys' motion doesn't request a judgment as a matter of law, and because a request for a new trial based on insufficient evidence is a viable alternative where a party, as here, did not move for judgment at the close of all the evidence, id., the

court construes the Acheys' motion as an independent motion for new trial under Rule 59[1].

The court may grant a new trial pursuant to Rule 59 where "the verdict is against the clear weight of the evidence, the damages are excessive, or the trial was unfair to the moving party." David v. Caterpillar, Inc., 324 F.3d 851, 863 (7th Cir. 2003). A court asked to set aside a jury's verdict must view the jury's decision with great deference and may set aside the jury's assessment of the facts only if the verdict is contrary to the manifest weight of the evidence. See Riemer v. Illinois Dep't of Transp., 148 F.3d 800, 806 (7th Cir. 1998). As long as there is a reasonable basis in the record to support the verdict, it is not to be overturned. Robinson v. Burlington N.R. Co., 131 F.3d 648, 656 (7th Cir. 1997). A movant seeking a new trial based on judicial error must show that the error was substantial enough to deny the movant a fair trial. Wilson v. Groaning, 25 F.3d 581, 584 (7th Cir. 1994).

For the jury to find that Betty Achey started the fire, the Acheys' contend, defies common sense and is against the clear weight of the evidence because to believe so, ignores that the family pet, Betty's wedding dress, and family memorabilia would be lost. The court is not persuaded by this argument and cannot overturn the jury's verdict because the evidence admitted at trial – particularly testimony that the fire was incendiary, that the Achey family was

---

[1] To the extent the Achey's request could be construed as a motion for judgment as a matter of law, such a request would have to be denied because the Achey's didn't move for a judgment as a matter of law on their breach of contract claim at the close of all the evidence. FED. R. CIV. P. 50(b); McCarty v. Pheasant Run, Inc., 826 F.2d 1554, 1555 (7th Cir.1987).

home alone the night of the fire, that the Acheys planned to sell their house after obtaining a second mortgage, and that the Acheys lived a lifestyle that could reasonably be viewed as immoderate – provides a sufficient basis from which a reasonable jury could conclude that Andrew or Betty Achey set the fire. See Stout v. Farmers Ins. Exchange, 881 F. Supp. 401, 405  (S.D. Ind.1994) (applying Indiana law).

The Acheys' second argument for new trial is that the jury's verdict does not allow Andrew Achey to recover despite the fact that he should be entitled to recover the insurance benefits, as a matter of law, because there is no evidence to indicate that he had a hand in the fire. State Farms contends that the Acheys are moving for new trial under a new legal theory and that the Acheys failed to properly preserve such an argument. The court agrees.

A motion for new trial cannot be used to argue matters that could have been made before the judgment issued nor can it be used to argue a case under a new legal theory. Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). Because the Acheys did not submit an instruction or make an argument that Andrew Achey could recover, as a matter of law, if he was found not to be involved in the fire, they have waived any argument against a verdict that does not allow Andrew Achey to recover under the innocent spouse doctrine.[2]

---

[2] Instruction 13 to the jury addressing State Farm's affirmative defense provided, "State Farm must prove that *one or both of the Acheys* directly had a hand in the fire at their house for the purpose of obtaining insurance benefits." At the instructions conference, the Acheys objected to Instruction 13 arguing that it should read to allow State Farm to establish its defense only by proving Betty Achey was responsible for the fire – opposed to either Andrew or Betty – because  the evidence presented at trial demonstrated that State Farm believed only Betty Achey started the fire. Despite this objection, the Acheys did not preserve any argument

For these reasons, the court DENIES the motion for new trial [Docket No. 116].

SO ORDERED.

Dated October 17, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

---

that Mr. Achey could recover, as a matter of law, if he was found to have not had a hand in the fire. The Acheys' objection turned on whether there was a factual foundation such that the jury could be instructed that State Farm could prevail if Andrew was found to have had a hand in the fire, not whether he could recover under a separate legal theory if he was found not be responsible. Even had the court sustained the Acheys' objection, a reasonable jury still could have found for State Farm by finding that Betty Achey acted alone—a scenario that still would have prevented Andrew from recovering.